OPINION
{¶ 1} Defendant-appellant, Kenneth Welch, appeals his conviction in Brown County Court for domestic violence. We affirm appellant's conviction.
 {¶ 2} Appellant is married to Jennifer Welch ("Welch"), the victim in this case. On June 4, 2002, at approximately 12:45 a.m., Welch and appellant separately returned to their marital residence in Williamsburg, Brown County, Ohio. Welch had been at a friend's house since the afternoon of the previous day. Appellant was upset that Welch was not at their residence and had been looking for her. While appellant was out, he struck a deer with his car, which he blamed on Welch.
 {¶ 3} Upon their arrival, Welch and appellant had an argument outside the residence. Appellant told Welch that she would be denied entry into the residence. When appellant attempted to enter the house, Welch grabbed the hood of his sweatshirt in an effort to continue their discussion. Appellant pulled away from Welch and went inside the residence, attempting to close the door behind him. Welch tried to enter the residence, and inserted her foot in the door to prevent the door from closing. Welch eventually managed to wedge her body between the door and the frame. During one of appellant's attempts to close the door, Welch's chest was struck by the door. When she cried out in pain, appellant opened the door and allowed Welch into the residence. Welch proceeded to call 9-1-1. A deputy soon arrived and obtained statements from the parties.
 {¶ 4} In June 2001, a complaint was filed in Brown County Court charging appellant with domestic violence in violation of R.C. 2919.25(A). After a bench trial in September 2001, the trial court found appellant guilty of domestic violence. Appellant filed this appeal, setting forth two assignments of error.
 Assignment of Error No. 1 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY FAILING TO GRANT DEFENDANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL BECAUSE THE STATE FAILED TO ESTABLISH EACH MATERIAL ELEMENT OF THE OFFENSE BEYOND REASONABLE DOUBT."
 {¶ 6} In his first assignment of error, appellant contends that the trial court erred in failing to grant his Crim.R. 29(A) motion. Specifically, appellant argues, the state did not present sufficient evidence that he knowingly caused harm to Welch.
 {¶ 7} Crim.R. 29(A) provides in part:
 {¶ 8} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 9} An appellate court undertakes de novo review of the trial court's decision on a Crim.R. 29(A) motion and will not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence failed to prove all elements of the crime beyond a reasonable doubt. State v. Upham (May 12, 1997), Butler App. No. CA96-08-157, citing State v. Jenks (1991), 61 Ohio St.3d 259, 273. Viewing the evidence in a light most favorable to the prosecution, if any rational trier of fact could have found the essential elements of an offense proven beyond a reasonable doubt, the appellate court will not disturb the conviction. State v. Williams, 74 Ohio St.3d 569, 576,1996-Ohio-91; Jenks, 61 Ohio St.3d at 273.
 {¶ 10} Appellant was convicted of domestic violence pursuant to R.C. 2919.25(A). R.C. 2919.25(A) states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." For a conviction of domestic violence under R.C.2919.25(A), the state must prove the essential element that the offender "knowingly" caused or attempted to cause the physical harm. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).
 {¶ 11} At trial, Welch testified that she and appellant had an argument outside their marital residence. When appellant went inside the house, she attempted to follow him. Appellant then tried to shut the door while Welch inserted her foot in between the door and the frame. Importantly, Welch testified that appellant knew her foot was wedged between the door and the frame, but nevertheless attempted to shut the door three times. On the last attempt, the door struck Welch's chest. When she yelled out in pain, appellant opened the door and allowed her to enter.
 {¶ 12} Our review of the record indicates that the state presented evidence that, if believed, would permit the trier of fact to convict appellant of domestic violence. The trier of fact could infer from Welch's testimony that appellant knowingly caused the physical harm. According to Welch's testimony, appellant knew Welch had placed her foot between the door and the frame. Appellant could also see that her whole body was in the doorway, but he nevertheless attempted to shut the door. The trier of fact could reasonably infer from this testimony that appellant was aware that Welch probably would suffer physical harm as a result of his efforts to close the door. Accordingly, we find that the trial court properly overruled appellant's Crim.R. 29(A) motion for acquittal. Appellant's first assignment of error is overruled.
 Assignment of Error No. 2 {¶ 13} "THE TRIAL COURT ERRED IN ENTERING A FINDING OF GUILTY BECAUSE SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 14} In his second assignment of error, appellant asserts that the facts "are not of such character as to attain the high degree of probative force and certainty necessary to sustain a criminal conviction for domestic violence." We disagree.
 {¶ 15} In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in evidence, that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Franco (Apr. 27, 1998), Madison App. No. CA97-08-035, citing State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52. In reviewing the evidence that was presented at trial, the reviewing court must take into consideration that the trier of fact is in the best position to judge the credibility of witnesses and to determine the weight to be given to the evidence. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 16} At trial, Welch testified that when she and appellant separately returned to their marital residence, they had a verbal argument. When he went inside the house, she tried to gain entry into the house. However, he tried to close the door. She then pushed against the door and inserted her foot between the door and the frame. Welch also testified that appellant knew her foot was wedged between the door and the frame, and that she was trying to gain entrance into the house. He tried to shut the door three times, and on the last attempt, the door struck her chest. When she yelled out in pain, appellant opened the door and allowed her to enter.
 {¶ 17} Deputy Stamper testified that when he arrived at the house he found appellant outside and spoke with him. Appellant told the officer that he and Welch had a verbal argument and that he did not want Welch inside the house. Thereafter, the deputy went inside the house, and Welch showed him a small red area on her chest. He obtained a written statement from Welch and arrested appellant.
 {¶ 18} Appellant testified that he did not threaten or hit Welch. Appellant also testified that the house was dark, and that he did not see Welch's foot wedged between the door and the frame. He believed that a rug was caught between the door and the frame. Appellant stated that he tried to shut the door only two times, and, once he saw her foot, he opened the door and allowed Welch to enter.
 {¶ 19} We find that the trier of fact did not lose its way and create a miscarriage of justice when it found appellant guilty of domestic violence pursuant to R.C. 2919.25(A). Given that the trial court was in the best position to judge the credibility of the witnesses, appellant's conviction was not against the manifest weight of the evidence. The trial court could have reasonably believed Welch's testimony and inferred that appellant "knowingly" caused her physical harm. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.